LOUISE MACISAAC *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

FEBRUARY 1, 1938.

PRESENT: Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. This case was certified by the superior court, in accordance with general laws 1923, chapter 348, sec. 4, for hearing and determination by this court on an agreed statement of facts. It was presented by counsel for the parties to be heard by the court when only four members thereof were sitting. The court, as so constituted, is evenly divided on the preliminary and material question, whether the adverse parties have concurred in and stated all the necessary facts to entitle them, under the statute, to seek an opinion by this court upon the law and a determination of the case.

Two of the judges who heard the case are of the opinion that the parties, in their agreed statement, failed to agree on certain necessary facts, and in particular failed to agree on whether the defendant's contract of insurance, upon which the action is based, was made with the insured child or with her father or with both of them; and failed to agree on the date when the premium was paid; and whether or

not the insured was in sound health at the time when the policy, upon which the action is based, was delivered to the father of the insured and the first premium paid; and failed to agree, if the insured was in a condition of unsound health at that time, whether or not such condition of unsound health was a cause of her death.

Notwithstanding the difficulties and differences concerning the statement of facts, as above suggested, the court nevertheless has made an extensive research of the law which, in certain contingencies, possibly might become material and determinative of the case. This was done in an effort to find if there were any legal solution which would finally determine this case, upon such of the necessary facts as were unequivocally agreed upon in the statement of facts.

However, the court as constituted at the hearing, being divided and therefore unable to reach a determination of the case upon the facts as stated, and there being no decision of the court below in this type of case, it becomes necessary to remit the case to the superior court without any final determination thereof and without any opinion on the law that may be involved.

*Sherwood & Clifford, Sidney Clifford,* for plaintiff.

*George Hurley, Walter V. Moriarty, Walter V. Connly, John W. Moakler, Jr.,* for defendant.